

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIELLE DREBING,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 5480 ) |
| **THE PROVO GROUP, INC., TPG MANAGEMENT, INC.** and **EVERGREEN PLAZA ASSOCIATES I, L.P.,** | ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Before me is a motion brought by defendant Evergreen Plaza Associates I, L.P. ("Evergreen") under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Danielle Drebing's ("Drebing") first amended complaint against Evergreen. Evergreen contends that Drebing may not bring suit against it because she did not name Evergreen in the Equal Employment Opportunity Commission ("EEOC") charge that she filed prior to filing this lawsuit. For the following reasons, I deny Evergreen's motion.

I.

Before reviewing the facts relevant to Evergreen's motion I must first resolve a dispute about what standard I should apply in assessing this motion. Evergreen has filed this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), but Drebing contends that I should convert the motion to one under Federal Rule of Civil Procedure 56 because Evergreen refers to documents outside of her

complaint. The sole document outside of the complaint to which Evergreen refers is a purported copy of the EEOC charge Drebing filed,[1] on which she received the right to sue letter that she attached to her first amended complaint. Normally, if a district court, in ruling on a motion to dismiss, considers documents not incorporated into the complaint, the district court must convert the motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(b); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Drebing references the EEOC charge in her first amended complaint.[2] Although she argues that the EEOC charge is not central to her claim, other courts in this district have concluded that EEOC charges are central to Title VII claims. *See EEOC v. Concentra Health Servs., Inc.*, No. 05 C 1109, 2006 WL 2024240, at *3 (N.D.

---

[1] Drebing does not dispute that this is an accurate copy of her EEOC charge.

[2] Paragraph 29 of Drebing's first amended complaint alleges:

> On or about June 1, 2005, [Drebbing] filed charges with the [EEOC] alleging that she had been discriminated against on the basis of her gender, and thereafter obtained a Right to Sue Letter.

2

Ill. July 12, 2006); *Nebel v. City of Burbank*, 01 C 6403, 2003 WL 1606087, at *3 n.2 (N.D. Ill. Mar. 27, 2003). I agree with their reasoning that, because Drebing's first amended complaint would not exist without her EEOC charge, and because the filing of an EEOC charge is a prerequisite to the filing of a complaint, it is central to the complaint. *See id.* Therefore, I need not convert Evergreen's motion to a motion for summary judgment, and I may consider Drebing's EEOC charge.

## II.

In assessing Evergreen's motion to dismiss, I must accept all well-pled facts in Drebing's first amended complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Drebing. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if Drebing can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

Drebing's first amended complaint alleges that, after returning from maternity leave, defendants subjected her to a hostile work environment and subsequently terminated her in violation of Title VII. She further alleges that at all times relevant to her complaint, all three defendants, including Evergreen, were her employers within the meaning of Title VII.

Drebing alleges that Evergreen was affiliated with the other defendants and with other third-party entities, and alleges that defendants and their affiliates "configured the corporations and [Evergreen] as separate entities in an attempt to defeat the statutory numerosity threshold of 15 employees" under Title VII. She also alleges that at the time of her termination she held numerous positions, and estimates that 90% of her work "was for [Evergreen]." She further alleges that Bruce Provo, "acting as an agent of all the Defendants," wrote her a memorandum intending to induce her to quit, and also made comments reflecting animus toward her due to her sex.

On June 1, 2005, Drebing filed a charge of discrimination with the EEOC and the Illinois Department of Human Rights. Her charge named "The Provo Group" as the employer that she believed discriminated against her. Her charge alleges that she worked as "Office Manager, Property Manager, Executive Assistance, and Human Resources Manager" for The Provo Group. Her charge did not name Evergreen as her employer or reference Evergreen in any way.

III.

Evergreen contends that I should dismiss Drebing's claims against it because Drebing did not name Evergreen in her EEOC charge. Normally, a party not named in an EEOC charge may not be sued under Title VII. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)

(internal citations omitted). This is a jurisdictional requirement. *Id.* (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). However, the Seventh Circuit recognized an exception to this rule in *Eggleston*, concluding that "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." 657 F.2d at 905. In *Eggleston*, the court concluded that Title VII plaintiffs could bring suit against the joint apprentice committee of the local plumbers' union because, although the plaintiffs had only named the union in their EEOC charge, the joint apprentice committee had a close relationship with the union and likely had actual notice of the EEOC charge, and therefore could have chosen to participate in conciliation efforts. *Id.* at 907.[3] The Seventh Circuit later clarified in *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989), that for the *Eggleston* exception to apply, the unnamed party must not only have notice of the charge against the named party, but notice of the charge against itself. *Id.* at 127.

---

[3]In *Eggleston*, the plaintiffs had actually filed a second EEOC charge also naming the joint apprentice committee, but that charge was filed more than 180 days after the original charge and was therefore untimely. *Id.* at 905.

In this case, Evergreen contends that it had no notice of the charge or that Drebing was bringing a charge against it, and that it had no opportunity to participate in conciliation proceedings. It further alleges that Drebing has not alleged facts that would justify an exception to the *Eggleston* rule. I disagree, however, that on a motion to dismiss Drebing has any obligation to allege specific facts justifying the application of the *Eggleston* exception. The Seventh Circuit case that Evergreen cites for the proposition that it is Drebing's burden to establish the *Eggleston* exception was decided on summary judgment. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) (holding plaintiff had not created a genuine issue of material fact that defendant had notice, as required to defeat summary judgment).[4] I do not interpret *Eggleston* and *Schnellbaecher* to require, and Evergreen has cited no Seventh Circuit precedent to support the requirement, that a party must specifically plead the factors set forth in *Eggleston* or must somehow "prove" the factors identified in

---

[4] The other case that Evergreen cites, *Shields v. Prop. Mgmt. One, Ltd.*, No. 02 C 3712, 2003 WL 21877641 (N.D. Ill. Aug. 7, 2003), was decided on the motion to dismiss stage, and that court did hold that the plaintiff had the burden to allege facts warranting the *Eggleston* exception. *See id.* at *2 (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)). However, that court stated that at the burden to dismiss stage, a plaintiff only had the burden to allege facts that warrant an exception to the general rule. *Id.* Neither this case nor the Seventh Circuit case it cites supports the contention that a plaintiff must specifically allege that the defendant not named in the EEOC charge had notice of the EEOC charge and an opportunity to participate in conciliation proceedings.

*Eggleston* in order to defeat a motion to dismiss. Rather, under the requirements of federal notice pleading, Drebing must simply provide notice to Evergreen of her claim, and I may only grant Evergreen's motion to dismiss if Drebing can prove no set of facts to support that claim.[5]

Here, Drebing has alleged that Evergreen was her employer within the meaning of Title VII, that Evergreen was affiliated with the other defendants (including the Provo Group, the entity she named in her EEOC charge), and that defendants deliberately configured themselves and their affiliates in order to defeat the statutory numerosity threshold of 15 employees under Title VII. She also alleges that at the time defendants terminated her, 90% of her work was for Evergreen. From these allegations, it is possible for Drebing to show that Evergreen had notice of her EEOC charge or her charges against Evergreen, and that it had an opportunity to

---

[5]The Seventh Circuit held in *Eggleston* that the district court erred in granting the defendant's motion to dismiss because the plaintiff could show that the defendant had notice of the charge and an opportunity to participate in conciliation proceedings, but the Seventh Circuit made that determination through its "reference to the record" and not based on a review of the sufficiency of the complaint. 657 F.2d at 906. In *Schnellbaecher* the Seventh Circuit affirmed the district court's dismissal of plaintiff's claim because plaintiff could not establish the *Eggleston* exception applied, but there the plaintiff argued that simply because the unnamed party was the parent company of the party named in the EEOC charge, the parent company had notice of the charge. 887 F.2d at 126-27. In neither case, although the standard the court was applying is somewhat unclear, did the court state that a plaintiff has a duty to plead the *Eggleston* exception factors in her complaint.

participate in a conciliation proceeding. If Evergreen believes the facts demonstrate otherwise, it may raise these facts in a motion for summary judgment.

IV.

For the above reasons, Evergreen's motion to dismiss is denied.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: January 29, 2007